HARDY, Judge.
Plaintiff brought this suit on a promissory note which it alleged to hold as owner in good faith, for value received, for the sum of $819.85, with interest, attorney’s fees, etc. The petition also sought recognition of a special mortgage, lien and privilege under an act of chattel mortgage.
The defense was based upon the claim that plaintiff had taken possession of the automobile, purchase of which initiated the obligation sued on, and' had resold the said vehicle, not only effecting a cancellation of defendant’s note, but further comprehending a profit which defendant, assuming the position of plaintiff in reconvention, claimed from plaintiff in the sum of $880.-15.
After trial there was judgment rejecting plaintiff’s demands and further judgment in favor of defendant as plaintiff in recon-vention in the sum of $700, from which judgment plaintiff brings this appeal.
In this case there is little which needs .to be said. The facts, unbelievable as they may seem, are that defendant purchased a car on April 5, 1946, for a total consideration of $1,519.85, of which amount .$700 was represented by cash and the bal.ance of $819.85 by defendant’s promissory note payable on the 4th day of May, 1946. The installment portion of the purchase price was payable to plaintiff and was secured by a chattel mortgage on the purchased automobile. The day after the transaction the car, being on the parking lot of defendant’s vendor, after being washed and cleaned, was inspected by a mystery woman, “Miss X”. The interested party was given a demonstration by an employee of the parking lot and immediately entered into negotiations for the purchase ■ of the car. The matter was concluded in a matter of hours on a Saturday afternoon .and “Miss X” departed with the car, leav- • ing a down cash payment of $50 and what ; proved to be an extremely elastic check in the amount of $1,650 made payable to plaintiff, which had also received the down payment. The story advanced by “Miss X” of a pending collection by an Alaskan bank, though interesting, is not pertinent to the issues here involved.
Plaintiff brought this suit to collect the total amount of the vendor’s lien note from defendant, who promptly reconvened, as above set forth, for the sum of $880.15, represented as being the difference between the amount of defendant’s unpaid note ($819.85) and the price of $1,700 alleged to have been accepted by plaintiff on the sale of defendant’s automobile.
Concededly this cause primarily involves questions of fact.
We observe with considerable amazement the statement of learned counsel for plaintiff, in brief, that “the evidence in this case is remarkably clear.and unconflicting”. It has rarely, if ever, been the opportunity of this Court to consider a case in which the evidence has been as confused and confusing.- Witnesses have disagreed with one another and have contradicted themselves with frequency. Facts as related have been so improbable as to strain the imagination. In truth, the only facts established without dispute are that defendant bought the automobile from a vendor styled'“Cantrell’s Parking Lot”, which was owned by one- Richard Babington, who was also the agent and manager of the plaintiff finance company, which financed the unpaid balance, and that “Miss X”, unquestionably á' persuasive person, “flimflammed” some party or parties out of possession of the automobile. Beyond these facts the truth is shrouded in the mists of vague uncertainties.
Though we can point to no rule of law quite in point, we are constrained to observe that, with respect to irreconcilable and conflicting improbabilities, the one of lesser degree should be accorded the greater weight.
Plaintiff contends that defendant bought the automobile for purpose of resale and himself made the sale to “Miss' X”. Defendant, on the other hand, declares that plaintiff took charge of the automobile, *184 gave the demonstration to “Miss X”, conducted all negotiations and transactions, and received all the evidences of the consideration for the purchase by the lady.
The learned Judge of the- District Court, who had the opportunity of observing and evaluating the testimony of the witnesses at first hand, rendered judgment in favor of the defendant. Conclusively, our brother must have been of the opinion that defendant’s contentions were the more acceptable in the light of the circumstances and conditions surrounding the matter.
We find no manifest error in .the judgment, which, accordingly, is affirmed at appellant’s cost.